UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD SATISH EMRIT,

        Plaintiff,                                  Case No. 23-12577

v.                                                         Honorable Nancy G. Edmunds

THE GRAMMY AWARDS ON CBS,

        Defendant.
_____/

**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED
IN FORMA PAUPERIS [2] AND DISMISSING PLAINTIFF'S COMPLAINT**

Plaintiff Ronald Satish Emrit brings this complaint pro se against "The Grammys on CBS," seeking forty-five million dollars in damages. (ECF No. 1.) Plaintiff has also filed an application to proceed in forma pauperis ("IFP"). (ECF No. 2.) For the reasons below, the Court GRANTS Plaintiff's request to proceed IFP but DISMISSES his complaint.

**I.      Plaintiff's Application to Proceed In Forma Pauperis**

Under 28 U.S.C. § 1915(a)(1), a court may authorize the commencement of a civil action without the prepayment of fees or costs if the applicant submits an affidavit demonstrating that he or she is "unable to pay such fees or give security therefor." Here, Plaintiff's affidavit indicates that he is unemployed and relies on disability benefits. He also states that does not have any assets beyond $200. Based on this affidavit, the Court grants Plaintiff's application to proceed IFP.

**II.     Plaintiff's Complaint**

    **A.      Legal Standard**

When a plaintiff establishes indigence, the district court must screen the complaint as mandated by Congress in 28 U.S.C. § 1915(e)(2). *See McGore v. Wrigglesworth*, 114

1

F.3d 601, 608 (6th Cir. 1997), *overruled in part on other grounds by LaFountain v. Harry*, 716 F.3d 944 (6th Cir. 2013). Specifically, the district court is obligated to dismiss a civil complaint if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *See* § 1915(e)(2)(B).

**B.    Analysis**

Plaintiff, who is African American, contends that he was discriminated against by the Grammys. He alleges that his Grammys membership was terminated in 2010 but he recently expressed a desire to rejoin. He states that if he were a white man, his membership would have been reinstated. This is not the first time Plaintiff has made these allegations.[1] Other courts have dismissed a nearly identical complaint for failure to state a claim. *See Emrit v. Grammy Awards on CBS*, No. 23-cv-1346, 2023 U.S. Dist. LEXIS 185967, at *10 (E.D. Wis. Oct. 17, 2023); *Emrit v. The Grammy Awards on CBS*, No. 23-cv-1155, 2023 U.S. Dist. LEXIS 181438, at *16 (N.D.N.Y. Oct. 6, 2023); *Emrit v. Grammy Awards on CBS*, No. 23-cv-499, 2023 U.S. Dist. LEXIS 181345, at *4 (E.D.N.C. Sept. 15,

---

[1] More generally, the Court notes that Plaintiff is a prolific litigator.

> Emrit has filed no fewer than *200* civil actions in federal district courts since 2013, and the Middle District of Florida has issued a "Vexatious Litigant Order" in a case filed there, barring Emrit from filing any new document in that district court without first obtaining approval of its Senior Magistrate Judge. *Emrit v. Devos*, 20-cv-773, 2020 U.S. Dist. LEXIS 68825, at *1 (M.D. Fla. Apr. 20, 2020). Moreover, many of Emrit's other actions have been dismissed as frivolous, malicious or for failure to state a claim.

*Emrit v. Epic Med. Records*, No. 18-cv-937, 2021 U.S. Dist. LEXIS 237548, at *3 (W.D. Wis. Dec. 13, 2021). As one court noted, this background "shows that the plaintiff is aware of the screening procedure and the requirements for stating a claim in federal court." *See Emrit v. Grammy Awards on CBS*, No. 23-cv-1346, 2023 U.S. Dist. LEXIS 185967, at *7 (E.D. Wis. Oct. 17, 2023).

2023). The Court dismisses Plaintiff's complaint here for many of the same reasons articulated by those courts.

Plaintiff invokes the Court's diversity jurisdiction but concedes that the amount in controversy is not satisfied. Plaintiff also states that there is federal question jurisdiction because this case "involves a discussion of Title VII of the Civil Rights Act of 1964, Americans with Disabilities Act of 1990, Equal Protection Clause, Due Process Clause, Fourth Amendment, and Privileges and Immunities Clause." (ECF No. 1, PageID.4.) But Plaintiff does not explain how Defendant violated any of these federal statutes or constitutional provisions. Also, 42 U.S.C. § 1983, which creates a private cause of action to vindicate the violation of constitutional rights, requires state action. *See West v. Atkins*, 487 U.S. 42, 48 (1988). There is no allegation that Defendant is a state actor. And Plaintiff has not alleged an employment relationship with Defendant sufficient to form a basis for a Title VII claim. Thus, even when liberally construing Plaintiff's allegations, the Court finds he fails to state a claim on which relief may be granted, and his complaint must be dismissed under § 1915(e)(2).

The Court also notes that Plaintiff does not allege that Defendant resides in Michigan or that any of the underlying conduct took place in this district. Thus, venue is not proper in this Court. *See* 28 U.S.C. § 1391(b).

### III. Conclusion

For the foregoing reasons, Plaintiff's application to proceed without prepaying fees or costs is GRANTED, and his complaint is DISMISSED with prejudice.

In addition, pursuant to § 1915(a)(3), this Court hereby certifies that an appeal may not be taken in forma pauperis because it would not be taken in good faith.

3

SO ORDERED.

s/Nancy G. Edmunds  
Nancy G. Edmunds  
United States District Judge

Dated: December 6, 2023

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 6, 2023, by electronic and/or ordinary mail.

s/Lisa Bartlett  
Case Manager